UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

KEVIN WILSON                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:12-CV-P46-R

TAYLOR COUNTY et al.                                                          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Kevin Wilson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C.

§ 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the

action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues Taylor County, Kentucky, and Taylor County District Judge Amy

Anderson and Taylor County Attorneys Craig Cox and John Bertram.  He alleges that "Judge

Amy Anderson & Craig Cox & John Bertram are always issuing a warrant when they know I'm

in Ky. Department of Corrections.  I try to pay off my checks[.]  Judge Anderson always sends

out a warrant."  He states, "She will not let me make payment arrangements and she knows I'm

on a fixed income.  I've talked to Craig Cox about pay arrangements he ends up siding with

Judge Anderson.  John Bertram says he agrees then Amy Anderson stops his plea to the case."

Plaintiff asks for monetary relief, to have Judge Anderson taken off the bench, to be allowed to

make payments, to receive a written apology, and to have the warrants stopped.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a

light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claim against Taylor County*

When a § 1983 claim is made against a municipality like Taylor County, a court must

analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional

violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City*

*of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse

order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original);

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d

1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint, even read liberally, fails to identify a policy or policies causing the alleged constitutional violations.  The Court will dismiss Plaintiff's claim against Taylor County by separate Order.

*Claim against Judge Anderson*

A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11.

Because Plaintiff essentially complains only about conduct that comprises the very core of Judge Anderson's official duties, the Court concludes that absolute judicial immunity would bar claims for monetary damages against Judge Anderson based on allegations pursuant to § 1983. *See Mireles*, 502 U.S. at 9; *Krajicek v. Justin*, 991 F. Supp. 875, 877 (E.D. Mich. 1998) (listing actions for which judge entitled to absolute immunity, including actions associated with issuing warrant).

To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases. Therefore, Plaintiff's claim against Judge Anderson will be dismissed by separate Order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

*Claim against county attorneys*

The Supreme Court has held that a prosecutor enjoys absolute immunity from § 1983 liability when he acts "as an advocate" by engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Moore v. Valder*, 65 F.3d 189, 192 (D.C. Cir. 1995). Describing the conduct protected by immunity, the Court opined that advocatory conduct includes "initiating a prosecution" and "presenting the State's case." *Imbler v. Pachtman*, 424 U.S. at 431. Advocatory conduct is clearly protected by absolute immunity. *Lomaz v. Hennosy*, 151 F.3d 493 (6th Cir. 1998).

In the present case, Plaintiff's claims against the prosecuting attorneys are barred by

absolute prosecutorial immunity.  *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A

prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation

of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial

immunity.").  The county attorneys are, therefore, entitled to absolute immunity from the instant

action.

Moreover, Plaintiff sues the prosecuting attorneys in their official capacities.  Any

official capacity claim against a Taylor County prosecuting attorney is barred by the Eleventh

Amendment and is not cognizable under § 1983.  *See Pusey v. City of Youngstown*, 11 F.3d 652,

657-58 (6th Cir. 1993) (holding that a municipal prosecutor acts as an arm of the state in

prosecuting or declining to prosecute state criminal offenses); *Rogers v. Hill*, No. Civ. A.

4:05CV-35-M, 2005 WL 1287415, at *2 (W.D. Ky. May 31, 2005) ("KRS 15.700 establishes a

unified prosecutorial system for the Commonwealth.  KRS 15.725(2) requires a County Attorney

to prosecute criminal violations in state court.").  The claims against Defendants Cox and

Bertram will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Taylor County Attorney
4413.009